STATE OF NEBRASKA, APPELLEE, V.
CARL M. HUMBERT, APPELLANT.

722 N.W.2d 71

Filed October 6, 2006.    No. S-05-1221.

Daniel W. Ryberg for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Carl M. Humbert (Humbert) was charged by information with two misdemeanors and four felonies. He pleaded no contest to the misdemeanor charges and filed a plea in bar asserting that prosecution on the two corresponding felony charges in the information is barred by the Double Jeopardy Clauses of the state and federal Constitutions. The district court overruled Humbert's plea in bar, and he filed this interlocutory appeal.

## SCOPE OF REVIEW

Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Furrey*, 270 Neb. 965, 708 N.W.2d 654 (2006). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## FACTS

The charges against Humbert were filed after his estranged wife, Mayra Humbert (Mayra), claimed that on the evening of April 27, 2005, Humbert had stabbed her and restrained her from leaving the residence the couple had previously shared in Bellevue, Nebraska. Humbert then allegedly tied Mayra to a chair or couch with an extension cord so he could retrieve her cellular telephone from her vehicle. After Humbert returned to the residence, he untied Mayra. At approximately 1:15 a.m., she escaped from the residence and was later treated at an Omaha hospital for her injuries.

Humbert told police that he and Mayra had argued on April 27, 2005. In order to scare Mayra, he picked up a "ceremonial type" knife that was on a counter in the residence. Humbert said that as Mayra approached him, she "walked into the knife." Humbert saw blood on Mayra's pants, but he did not ask her if she was hurt.

Humbert was charged by complaint in county court with four felonies: first degree false imprisonment, second degree assault (domestic violence), terroristic threats, and use of a weapon to commit a felony. After he was bound over to district court, an information was filed charging Humbert with the same four felony counts and two additional misdemeanors: second degree false imprisonment and third degree assault (domestic violence). At arraignment, Humbert stood mute. Counsel informed the district court that Humbert was filing a plea in abatement and a motion to quash on the four felony charges. Humbert then pleaded no contest to the misdemeanor charges.

The district court examined Humbert and determined that he understood the charges, the possible penalties, and his constitutional rights. Upon finding that Humbert's pleas of no contest were voluntarily, freely, and intelligently made, the court then found him guilty of the misdemeanor charges.

After his conviction on the misdemeanor charges, Humbert filed a plea in bar alleging that (1) second degree false imprisonment is a lesser-included offense of first degree false imprisonment; (2) third degree assault (domestic violence) is a lesser-included offense of second degree assault (domestic violence); (3) the charges of first degree false imprisonment and second degree assault (domestic violence) are barred by double jeopardy as set forth in article I, § 12, of the Nebraska Constitution and the Fifth Amendment to the U.S. Constitution; and (4) the use of a weapon to commit a felony charge is moot. The district court overruled the plea in bar.

## ASSIGNMENT OF ERROR

Humbert claims the district court erred in overruling his plea in bar.

## ANALYSIS

In this interlocutory appeal, Humbert argues that his right not to be subjected twice to trial and conviction for the same crime has been violated. The Fifth Amendment to the U.S. Constitution and article I, § 12, of the Nebraska Constitution protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005). The

protection provided by Nebraska's double jeopardy clause is coextensive with that provided by the U.S. Constitution. *Id.*

■ The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Molina,* 271 Neb. 488, 713 N.W.2d 412 (2006). Humbert argues that he is being threatened with multiple punishments for the same offense because all of the charges arose from the same incident. Humbert claims that the two misdemeanors to which he pleaded no contest are lesser-included offenses of first degree false imprisonment and second degree assault (domestic violence) and therefore prosecution on the corresponding felony charges is barred by these convictions.

The U.S. Supreme Court addressed this issue in *Ohio v. Johnson,* 467 U.S. 493, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984). Respondent Kenneth Johnson was indicted by an Ohio grand jury for four offenses: murder, grand theft, involuntary manslaughter, and aggravated robbery, which resulted from the killing of the victim and the theft of property from the victim's apartment. Johnson offered to plead guilty to charges of involuntary manslaughter and grand theft, but he pleaded not guilty to charges of murder and aggravated robbery. The trial court accepted the guilty pleas and dismissed the remaining charges because it concluded that involuntary manslaughter and grand theft were lesser-included offenses of murder and aggravated robbery, respectively. The court determined that continued prosecution of murder and aggravated robbery charges after acceptance of Johnson's guilty pleas on involuntary manslaughter and grand theft was barred by the Double Jeopardy Clause. The Ohio Supreme Court affirmed, and the State appealed to the U.S. Supreme Court.

The U.S. Supreme Court noted the basic protections offered by the Double Jeopardy Clause and stated: "In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion

of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. at 499.

■ The Court pointed out that the trial court's dismissal of the more serious charges completely halted the proceedings which would ultimately have led to a verdict of guilt or innocence on those charges. In the event of a guilty verdict, the trial court would have had to confront the question of cumulative punishments, but that stage of the prosecution was never reached because the trial court dismissed the more serious offenses. "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution." *Ohio v. Johnson*, 467 U.S. at 500.

The Court noted that Johnson had not been exposed to conviction on the charges to which he pleaded not guilty, "nor ha[d] the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial." *Ohio v. Johnson*, 467 U.S. at 501.

> The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. [Citations omitted.] There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.

*Ohio v. Johnson*, 467 U.S. 493, 501-02, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984).

The Court stated, "Notwithstanding the trial court's acceptance of [Johnson's] guilty pleas, [Johnson] should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Ohio v. Johnson*, 467 U.S. at 502. Thus, the Double Jeopardy Clause did not prohibit the State from continuing its prosecution of Johnson on the more serious charges.

In the case at bar, Humbert pleaded no contest to second degree false imprisonment and third degree assault (domestic violence), which may be lesser-included offenses of two of the felony charges—first degree false imprisonment and second degree assault. See, e.g., *State v. Brownell*, 11 Neb. App. 68, 644 N.W.2d 166 (2002); *State v. Bachelor*, 6 Neb. App. 426, 575 N.W.2d 625 (1998).

The State is not seeking a subsequent prosecution of Humbert for a greater offense after he had previously been tried for the lesser-included offense. There has been no trial on any of the charges. Humbert has pleaded no contest to the above-described misdemeanors, but he has not been sentenced and he has not been subjected to a trial on the felony charges.

This case is analogous to the situation presented in *Ohio v. Johnson, supra*. The State has not yet had an opportunity to prosecute Humbert on all of the charges. Humbert can assert his double jeopardy claims as to cumulative punishments based on convictions for greater and lesser offenses when and if that issue is presented. Based upon *Ohio v. Johnson*, we conclude the facts of this case do not demonstrate a present violation of the Double Jeopardy Clause.

Humbert relies upon *State v. Vasquez*, 271 Neb. 906, 716 N.W.2d 443 (2006), to support his contention that double jeopardy protections apply upon acceptance of a plea. In *Vasquez*, the State filed an exception to the order of the district court. State law provides that when the prosecuting attorney takes exception to a trial court decision pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2004), the judgment of the trial court "shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy." Neb. Rev. Stat. § 29-2316 (Cum. Supp. 2004).

We stated in *Vasquez* that jeopardy attaches (1) when the jury is impaneled and sworn in a case tried to a jury, (2) when a judge begins to hear evidence as to the guilt of the defendant in a case heard without a jury, or (3) at the time the trial court accepts the defendant's guilty plea. We held that jeopardy attached when the trial court accepted the defendant's guilty plea and that, therefore, the trial court's judgment could not be reversed or affected in any way by the State's filing of an exception to the district

court's order. However, in the case at bar, the point at which jeopardy attaches is not the issue.

Issues regarding the grant or denial of a plea in bar are questions of law. *State v. Furrey*, 270 Neb. 965, 708 N.W.2d 654 (2006). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.* We conclude that the district court properly overruled Humbert's plea in bar. Double jeopardy protects a defendant against cumulative punishments for convictions on the same offense; however, it does not prohibit the State from prosecuting a defendant for multiple offenses in a single prosecution. See *Ohio v. Johnson*, 467 U.S. 493, 104 S. Ct. 2536, 81 L. Ed. 2d 425 (1984).

## CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

HENDRY, C.J., not participating.