765 N.W.2d 666 (2009)
277 Neb. 858
STATE of Nebraska, appellee,
v.
Douglas E. DRAGOO, appellant.
No. S-08-113.
Supreme Court of Nebraska.
May 29, 2009.
*668 Patrick P. Carney and Jonathan R. Brandt, of Carney Law, P.C., for appellant.
Jon Bruning, Attorney General, Erin E. Leuenberger, and James D. Smith for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
Douglas E. Dragoo was convicted of one count of driving under the influence (DUI); the conviction was enhanced because Dragoo's blood alcohol content was.15 of 1 gram per 100 milliliters of his blood and he had three prior DUI convictions.[1] Dragoo was also convicted of one count of DUI causing serious bodily injury.[2] Both charges arose from the same motor vehicle accident in which two persons sustained serious injuries. On appeal, Dragoo contended that the separate consecutive sentences he received for each conviction constituted double punishment for the same offense, in violation of the Double Jeopardy Clause.[3] Applying the test articulated in Blockburger v. United States,[4] the Nebraska Court of Appeals agreed and dismissed the conviction and sentence for DUI, leaving the conviction and sentence for DUI causing serious bodily injury intact.[5] We granted the State's petition for further review to consider its argument that under Missouri v. Hunter,[6] the Blockburger test is inapplicable where the Legislature has expressed a clear intent to impose multiple punishments for the same conduct. We conclude that there is no such expression of legislative intent with respect to the offenses for which Dragoo was convicted, and we therefore affirm the judgment of the Court of Appeals.

*669 BACKGROUND
The facts and procedural history of this case are set forth fully in the published opinion of the Court of Appeals, and we summarize them here only to the extent necessary for our analysis. On December 15, 2006, a vehicle operated by Dragoo collided with another vehicle at a rural intersection in Antelope County, Nebraska. The driver of the other vehicle and her passenger sustained serious injuries in the accident. When a deputy sheriff questioned him at the hospital after the accident, Dragoo admitted that he had been drinking. Testing disclosed that Dragoo had a blood alcohol concentration of .222 of 1 gram of alcohol per 100 milliliters of blood on the night of the accident.
Dragoo was originally charged in the district court for Antelope County with fourth-offense DUI, a Class IIIA felony. He was subsequently charged in an amended information with two separate counts: fourth-offense DUI (with a blood alcohol concentration of .15 or more), a Class III felony, and DUI causing serious bodily injury, a Class IIIA felony. Dragoo entered pleas of not guilty and was tried by a jury. The jury found him guilty of DUI with a blood alcohol concentration which equaled or exceeded .15 of 1 gram per 100 milliliters of blood, and DUI causing serious bodily injury. The court conducted an enhancement hearing and determined that Dragoo had three valid prior DUI convictions and was therefore guilty of fourth-offense DUI, a Class III felony according to § 60-6,197.03. The court sentenced Dragoo to 24 to 36 months' incarceration for that offense, with credit for time served. The court also imposed a consecutive sentence of 12 to 18 months' incarceration for the conviction for DUI causing serious bodily injury. In addition, the court ordered Dragoo to pay costs and revoked his driver's license for a period of 15 years.
In addressing Dragoo's double jeopardy claim under the Blockburger test, the Court of Appeals compared the elements of DUI as defined by § 60-6,196 with the elements of DUI causing serious bodily injury as defined by § 60-6,198. The court first noted the facts that this was Dragoo's fourth DUI conviction and his blood alcohol concentration was .15 of 1 gram or more by weight of alcohol per 100 milliliters of blood were "sentencing enhancement provisions under § 60-6,197.03, and not elements of the offense [of DUI]."[7] Comparing only the statutory elements of the two offenses, the Court of Appeals reasoned that because DUI causing serious bodily injury included all of the elements of DUI plus the additional element of a resulting bodily injury, DUI was a lesser-included offense of DUI causing serious bodily injury. The court concluded that Dragoo's consecutive sentences on the two counts were thus "cumulative sentences for the same offense and constitute separate and multiple punishments for the same offense, a denial of the protection against double jeopardy, afforded by both the state and federal Constitutions."[8] The court therefore reversed the DUI conviction and remanded the cause with directions to dismiss.
The Court of Appeals found no merit in Dragoo's other assignments of error, and he has not petitioned for further review. The State filed a petition for further review, which was granted.

ASSIGNMENTS OF ERROR
The State assigns, restated, that the Court of Appeals erred by (1) ordering the *670 dismissal of Dragoo's conviction and greater sentence for the higher class felony of fourth-offense DUI, aggravated, on the ground that the sentence was a cumulative sentence in violation of the Double Jeopardy Clause and (2) concluding that the Double Jeopardy Clause was violated by sentencing Dragoo for the Class III felony of fourth-offense DUI, aggravated, and for the Class IIIA felony of DUI causing serious bodily injury.

STANDARD OF REVIEW
[1] Whether a crime is a lesser-included offense is determined by a statutory elements approach and is a question of law.[9]
[2, 3] Statutory interpretation presents a question of law.[10] When reviewing questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[11]

ANALYSIS
[4, 5] The Double Jeopardy Clauses of both the federal and the Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[12] The protection provided by Nebraska's double jeopardy clause is coextensive with that provided by the U.S. Constitution.[13]
[6] Under the Blockburger[14] or "same elements" test applied by the Court of Appeals, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[15] If not, they are the same offense and double jeopardy bars additional punishment and successive prosecution.[16] If so, they are not the same offense and double jeopardy is not a bar to additional punishment or successive prosecution.[17]
[7] In Nebraska, DUI and DUI causing serious bodily injury are separately codified offenses. DUI as defined by § 60-6,196 requires proof that the defendant was operating or in the actual physical control of a motor vehicle (1) while under the influence of alcoholic liquor or (2) when having a concentration of .08 of 1 gram or more by weight of alcohol per 100 milliliters of his or her blood. DUI causing serious bodily injury as defined by § 60-6,198 requires proof that (1) the defendant was operating a motor vehicle, (2) the defendant was operating a motor vehicle in violation of § 60-6,196, and (3) the defendant's act of DUI proximately caused serious *671 bodily injury to another person. Based on these statutory definitions, it is clear that the offense of DUI causing serious bodily injury includes an element not included in the offense of DUI, namely, the causation of serious bodily injury. But the offense of DUI does not include any element which is not included in the offense of DUI causing serious bodily injury. The Court of Appeals correctly applied the Blockburger test and concluded that DUI is a lesser-included offense of DUI causing serious bodily injury and that thus, Dragoo's convictions violated the Double Jeopardy Clause's prohibition against multiple punishments for the same offense.
[8] The State does not quarrel with the Court of Appeals' Blockburger analysis. It argues, however, that Blockburger is inapplicable here under the reasoning of Missouri v. Hunter.[18] In that case, the U.S. Supreme Court held that Blockburger is a rule of statutory construction, not a constitutional rule, and that it does not preclude the imposition of cumulative punishments in a single trial where such imposition is specifically authorized by the legislative body. The defendant in that case was convicted under two Missouri statutes, one defining the offense of robbery and the other defining the offense of armed criminal action. The latter statute included the following provision: "`The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon.'"[19] Noting that by including this provision, the Missouri Legislature had "made its intent crystal clear," the Court concluded:
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.[20]
We recently applied this reasoning in State v. Mata.[21] In that postconviction case, the defendant contended that his counsel was ineffective for failing to argue that he was subjected to double jeopardy because he was sentenced for both making terroristic threats and for using a firearm to make such threats. Finding no merit in this argument, we stated the established principle that when the Legislature has demonstrated an intent to permit cumulative punishments, the Double Jeopardy Clause is not violated as long as the court imposes the cumulative punishments in a single proceeding.[22] We found the requisite legislative intent to impose cumulative punishment in the language of the statute establishing the crime of using a deadly weapon to commit a felony, which provided that the offense "`shall be treated as [a] separate and distinct offense ... from the felony being committed, and sentences imposed under this section shall be consecutive to any other sentence imposed.'"[23]
*672 [9, 10] We find no comparable expression of legislative intent in § 60-6,196, defining the offense of DUI; in § 60-6,198, defining the offense of DUI causing serious bodily injury; or in § 60-6,197.03, articulating the penalties for violation of § 60-196. The State argues that the requisite legislative intent exists because the Legislature designated fourth-offense DUI as a Class III felony carrying a greater penalty than DUI causing serious bodily injury, a Class IIIA felony. This argument fails for two reasons. First, as the Court of Appeals correctly reasoned, Dragoo was convicted of DUI; his prior offenses and higher blood alcohol concentration were sentencing enhancement provisions, not elements of the offense.[24] Second, this court has rejected the notion that felony classifications have any bearing on determination of lesser-included offenses. In State v. Gresham,[25] we wrote that "[u]nder the statutory elements test adopted by this court, the relative penalties are not a factor in identifying lesser-included offenses" and concluded that "the fact that two offenses are of the same class and carry the same range of penalties does not affect the determination of whether one is a lesser-included offense of the other." The same reasoning applies here. Blockburger requires a comparative analysis of statutory elements, not penalties. The felony classification of the offenses in question has no bearing on the issue of whether one is a lesser-included offense of the other, or whether the Legislature has specifically authorized cumulative punishment for the two offenses.[26] DUI causing serious bodily injury is the "greater" offense here, notwithstanding its lower classification and penalty, because it includes all of the elements of DUI plus an additional element. When a defendant is convicted of both a greater and a lesser-included offense, the conviction and sentence on the lesser charge must be vacated.[27] Because the Legislature has not clearly authorized cumulative punishment for the two offenses, the lesser DUI offense must be dismissed.
Finally, we address the State's argument that the decision of the Court of Appeals which we affirm today somehow permits Dragoo to "escape" the enhanced penalties the Legislature prescribed for fourth-offense DUI with an elevated blood alcohol concentration.[28] Had Dragoo been charged only with DUI, as he was originally, upon conviction, he would have been subject to the enhanced penalties resulting from his prior DUI convictions and his elevated blood alcohol concentration. The double jeopardy issue which has resulted in his receiving a lesser sentence in this case was the direct consequence of the prosecutor's tactical decision to add the charge of DUI causing serious bodily injury in the amended information. Dragoo has not "escaped" the enhanced penalty he should have received; he was relieved of it by the State's charging decision, which we cannot undo.

*673 CONCLUSION
For the reasons discussed, we affirm the judgment of the Nebraska Court of Appeals.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. §§ 60-6,196 (Reissue 2004) and 60-6,197.03(8) (Cum. Supp. 2006).
[2] See Neb.Rev.Stat. § 60-6,198 (Cum. Supp. 2006).
[3] State v. Dragoo, 17 Neb.App. 267, 758 N.W.2d 60 (2008).
[4] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[5] State v. Dragoo, supra note 3.
[6] Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
[7] State v. Dragoo, supra note 3, 17 Neb.App. at 274, 758 N.W.2d at 67.
[8] Id. at 275, 758 N.W.2d at 67.
[9] State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57 (2008).
[10] See, State v. Moore, 277 Neb. 111, 759 N.W.2d 698 (2009); State v. Nelson, 276 Neb. 997, 759 N.W.2d 260 (2009).
[11] See id.
[12] State v. Ramirez, 274 Neb. 873, 745 N.W.2d 214 (2008); State v. Mata, 266 Neb. 668, 668 N.W.2d 448 (2003), abrogated on other grounds, State v. Rogers, 277 Neb. 37, 760 N.W.2d 35 (2009).
[13] State v. Jackson, 274 Neb. 724, 742 N.W.2d 751 (2007); State v. Miner, 273 Neb. 837, 733 N.W.2d 891 (2007).
[14] Blockburger v. United States, supra note 4.
[15] Id., 284 U.S. at 304, 52 S.Ct. 180. See, State v. Winkler, 266 Neb. 155, 663 N.W.2d 102 (2003).
[16] See State v. Winkler, supra note 15.
[17] Id.
[18] Missouri v. Hunter, supra note 6.
[19] Id., 459 U.S. at 362, 103 S.Ct. 673 (quoting Missouri's armed criminal action statute then in effect).
[20] Id., 459 U.S. at 368-69, 103 S.Ct. 673.
[21] State v. Mata, 273 Neb. 474, 730 N.W.2d 396 (2007).
[22] Id.
[23] State v. Mata, supra note 21, 273 Neb. at 481, 730 N.W.2d at 401, quoting Neb.Rev. Stat. § 28-1205(3) (Reissue 1995). See, also, State v. McBride, 252 Neb. 866, 567 N.W.2d 136 (1997).
[24] See, State v. Neiss, 260 Neb. 691, 619 N.W.2d 222 (2000), overruled on other grounds, State v. Vasquez, 271 Neb. 906, 716 N.W.2d 443 (2006), as recognized in State v. Hense, 276 Neb. 313, 753 N.W.2d 832 (2008); § 60-6,197.03(8).
[25] State v. Gresham, 276 Neb. 187, 194, 752 N.W.2d 571, 577 (2008).
[26] See, Missouri v. Hunter, supra note 6; State v. Gresham, supra note 25.
[27] State v. Nissen, 252 Neb. 51, 560 N.W.2d 157 (1997); State v. Sardeson, 231 Neb. 586, 437 N.W.2d 473 (1989).
[28] Brief for appellee in support of petition for further review at 9.