774 N.W.2d 634 (2009)
18 Neb. App. 48
STATE of Nebraska, appellee,
v.
Nicholas R. GRIZZLE, appellant.
No. A-09-327.
Court of Appeals of Nebraska.
September 29, 2009.
*636 Julie E. Bear, of Reinsch, Slattery & Bear, P.C., L.L.O., Plattsmouth, for appellant.
Jon Bruning, Attorney General, and James D. Smith, Lincoln, for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Nicholas R. Grizzle pled guilty to refusal to submit to a chemical test and then filed a plea in bar alleging a double jeopardy violation because the same information charged him both with refusal to submit and with driving while under the influence of alcohol (DUI), third offense, which the State alleged should be enhanced for punishment as a Class IIIA felony based on his refusal to submit. The district court overruled Grizzle's plea in bar, and Grizzle appeals. We affirm, because the offenses are not the same for double jeopardy purposes and double jeopardy does not prohibit the State from prosecuting multiple offenses in a single prosecution. Because Grizzle has not been convicted of DUI, his argument pertaining to multiple punishments is unripe.

BACKGROUND
Based upon a May 2008 arrest, the State charged Grizzle with three offenses: (1) DUI, third offense, enhanced for punishment by refusal to submit; (2) refusal to submit to a chemical test; and (3) procuring alcohol for a minor.
On January 12, 2009, Grizzle pled guilty to refusal to submit to a chemical test, and the court accepted the plea. On January 27, Grizzle filed a plea in bar, alleging that the State was subjecting him to multiple punishments for the identical offense as well as a second prosecution for the same offense after conviction, by using evidence of his refusal to submit to both enhance the penalty for the DUI and prove that he refused a chemical test.
On March 6, 2009, the court sentenced Grizzle on the refusal to submit conviction. The court then heard arguments on Grizzle's plea in bar. On March 20, the court overruled the plea in bar.
Grizzle timely appeals.

ASSIGNMENT OF ERROR
Grizzle alleges that the district court erred in denying his plea in bar by finding that the Double Jeopardy Clause does not bar the State from prosecuting him for a DUI that was "aggravated" to a felony based upon the allegation that he refused to submit to a chemical test, after Grizzle had been found guilty of the separate charge of refusal to submit to a chemical test.

STANDARD OF REVIEW
Issues regarding the grant or denial of a plea in bar are questions of law. State v. Jackson, 274 Neb. 724, 742 N.W.2d 751 (2007). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. Id.

ANALYSIS
The Double Jeopardy Clauses of both the federal and the Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. State v. Dragoo, 277 Neb. 858, 765 N.W.2d 666 (2009). The protection *637 provided by Nebraska's double jeopardy clause is coextensive with that provided by the U.S. Constitution. State v. Dragoo, supra. Grizzle argues that he has been subjected to both multiple prosecutions and multiple punishments for the same offense.

Multiple Prosecutions.
First, we consider Grizzle's argument that he is being subjected to multiple prosecutions for the same offense. In doing so, we first focus on whether DUI is the same offense as refusal to submit. Under Neb.Rev.Stat. § 29-1817 (Reissue 2008), an accused may "offer a plea in bar to the indictment that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense." Under Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." If not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. State v. Dragoo, supra.
In State v. Stabler, 209 Neb. 298, 306 N.W.2d 925 (1981), the defendant was charged with refusal to submit to a chemical test and third-offense DUI based upon the same incident. Following his conviction on the refusal charge, the defendant filed a plea in bar, alleging that the conviction on the refusal charge barred the prosecution for DUI. The district court overruled the plea in bar and subsequently convicted the defendant of third-offense DUI. The defendant appealed, arguing that the Double Jeopardy Clause barred his subsequent DUI conviction. The Nebraska Supreme Court affirmed the defendant's convictions, concluding that the convictions did not constitute the same offense because they required different elements of proof.
Since Stabler, the DUI and refusal to submit statutes have undergone changes and have been relocated to different chapters, but the statutes remain separately codified offenses. In State v. Dragoo, supra, in determining whether fourth-offense DUI was the same offense for double jeopardy purposes as DUI causing serious bodily injury, the Nebraska Supreme Court compared the elements of DUI, as defined by Neb.Rev.Stat. § 60-6,196 (Reissue 2004), in its Blockburger analysis. We will do the same.
The DUI statute, § 60-6,196, requires proof that the defendant was operating or in the actual physical control of a motor vehicle (1) while under the influence of alcoholic liquor, (2) when having a concentration of .08 of 1 gram or more by weight of alcohol per 100 milliliters of his or her blood, or (3) when having a concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of his or her breath. The refusal statute, Neb.Rev.Stat. § 60-6,197 (Reissue 2004), requires proof that the defendant (1) was arrested for any offense arising out of acts alleged to have been committed while operating or in the actual physical control of a motor vehicle while under the influence of alcoholic liquor, (2) was directed by a peace officer to submit to a chemical test for a determination of the concentration of alcohol and was advised that refusal to submit is a separate crime, and (3) refused to submit to the chemical test. Because each crime contains an element that the other does not, they are not the same offense for double jeopardy purposes.
Even if the offenses were the same offense, we conclude that the State would not be barred from prosecuting the DUI *638 charge based upon Grizzle's guilty plea to refusal to submit. The U.S. Supreme Court and the Nebraska Supreme Court have rejected claims where a defendant pleads guilty to one or more charges and then challenges continued prosecution of other charges on double jeopardy grounds. See, Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); State v. Humbert, 272 Neb. 428, 722 N.W.2d 71 (2006).
In Ohio v. Johnson, supra, the defendant was indicted on charges of murder, involuntary manslaughter, aggravated robbery, and grand theft. The defendant pled guilty to involuntary manslaughter and grand theft, the trial court accepted the guilty pleas over the State's objection, and the court sentenced the defendant to a term of imprisonment. The defendant then moved to dismiss the remaining charges on the ground that further prosecution of those charges was barred by the Double Jeopardy Clause. The U.S. Supreme Court disagreed, reasoning:
The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. [Citations omitted.] There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.
Ohio v. Johnson, 467 U.S. at 501-02, 104 S.Ct. 2536.
The Court further stated, "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution." Ohio v. Johnson, 467 U.S. at 500, 104 S.Ct. 2536. Even though the trial court had accepted the defendant's pleas to the less serious charges, the Supreme Court stated that the defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." Ohio v. Johnson, 467 U.S. at 502, 104 S.Ct. 2536.
In State v. Humbert, supra, the defendant was charged with four felonies  first degree false imprisonment, second degree assault (domestic violence), terroristic threats, and use of a weapon to commit a felony  and two misdemeanors  second degree false imprisonment and third degree assault (domestic violence). He pled no contest to the misdemeanors and then filed a plea in bar alleging that second degree false imprisonment is a lesser-included offense of first degree false imprisonment, third degree assault (domestic violence) is a lesser-included offense of second degree assault (domestic violence), and prosecution of the charges of first degree false imprisonment and second degree assault (domestic violence) was therefore barred by the Double Jeopardy Clauses of the federal and Nebraska Constitutions. The Nebraska Supreme Court observed:
The State is not seeking a subsequent prosecution of [the defendant] for a greater offense after he had previously been tried for the lesser-included offense. There has been no trial on any of the charges. [The defendant] has pleaded no contest to the above-described misdemeanors, but he has not been sentenced and he has not been subjected to a trial on the felony charges.
*639 State v. Humbert, 272 Neb. 428, 433, 722 N.W.2d 71, 75-76 (2006).
The court analogized the situation with that in Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), and stated, "The State has not yet had an opportunity to prosecute [the defendant] on all of the charges." State v. Humbert, 272 Neb. at 433, 722 N.W.2d at 76.
Grizzle points out that this court found a double jeopardy violation in State v. Dragoo, 17 Neb.App. 267, 758 N.W.2d 60 (2008), affirmed 277 Neb. 858, 765 N.W.2d 666 (2009)  which conclusion was subsequently affirmed by the Nebraska Supreme Court  even though prosecution of the two offenses "occurred in the same proceeding." Brief for appellant at 13 (emphasis omitted). In that case, however, the defendant pled not guilty to both charges and was tried by a jury on both charges. On the other hand, in the instant case, Grizzle pled guilty to and has been convicted of one charge, but he has not been tried on the more serious charge of DUI. Just as in Johnson and Humbert, we conclude that the State's continued prosecution of the "untried charges" is not barred.

Multiple Punishments.
Grizzle also argues that he has been subjected to multiple punishments for the same offense. We decline to consider this claim, because Grizzle has not yet been convicted of the DUI charge. The Court in Ohio v. Johnson, supra, noted that in the event of a guilty verdict on the more serious charges of which the defendant had not yet been tried, the trial court would then have to consider the issue of cumulative punishments, but that that stage had not been reached.
A claim is not ripe for adjudication when it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. State v. Hansen, 259 Neb. 764, 612 N.W.2d 477 (2000). In the context of a motion to quash, we stated:
[U]ntil a defendant's guilt or innocence of the underlying DUI has been determined, the admissibility of prior DUI convictions for enhancement purposes is not yet ripe for determination by the court. Consequently, a motion to quash which raises the issue of the admissibility of a defendant's prior DUI convictions, for enhancement purposes, should not be filed until after a determination of the defendant's guilt on the underlying offense.
State v. Head, 14 Neb.App. 684, 689, 712 N.W.2d 822, 826 (2006).
The issue about which Grizzle argues comes from the penalty provisions for sentencing for either DUI or refusal to submit to a chemical test, which are contained in Neb.Rev.Stat. § 60-6,197.03 (Supp.2007). See Neb.Rev.Stat. § 60-6,197.02 (Cum.Supp.2008). Under § 60-6,197.03(6), as applicable here, a person is guilty of a Class IIIA felony if the person had had two prior convictions and, as part of the current violation, refused to submit to a test required under § 60-6,197. Thus, a refusal to submit can be used to enhance the DUI penalty. But, because Grizzle has not been convicted of DUI, we do not reach this issue, as such a determination would merely be an advisory opinion. In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory. State v. Head, supra.
Because Grizzle has not been convicted of DUI, his claim of being subjected to multiple punishments  which is contingent upon being convicted of third-offense DUI  is not ripe for adjudication. As the Supreme Court stated in State v. Humbert, *640 272 Neb. 428, 433, 722 N.W.2d 71, 76 (2006), the defendant "can assert his double jeopardy claims as to cumulative punishments based on convictions for greater and lesser offenses when and if that issue is presented."

CONCLUSION
We conclude that DUI and refusal to submit are not the same offense for double jeopardy purposes and that the State is not barred from prosecuting multiple offenses in a single prosecution. Grizzle's claim that the penalty provision for third-offense DUI subjected him to multiple punishments is not ripe for appellate review. Accordingly, we affirm the denial of Grizzle's plea in bar.
AFFIRMED.