776 N.W.2d 498 (2009)
279 Neb. 68
STATE of Nebraska, appellee,
v.
Herchel Harold HUFF, appellant.
No. S-09-286.
Supreme Court of Nebraska.
December 24, 2009.
*500 Charles D. Brewster, Kearney, and Jonathan R. Brandt, of Anderson, Klein, Swan & Brewster, and Richard Calkins, Alma, for appellant.
Jon Bruning, Attorney General, and Erin E. Tangeman for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
Following a fatal motor vehicle accident, Herchel Harold Huff was charged with four criminal offenses, including manslaughter and motor vehicle homicide. After pleading guilty to manslaughter, Huff filed a plea in bar alleging that his continued prosecution on the motor vehicle homicide charge would constitute double jeopardy. Huff appeals from an order of the district court for Furnas County denying the plea in bar. We affirm, but for reasons different from those upon which the district court based its decision.

BACKGROUND
The accident occurred in rural Furnas County on October 3, 2007. A deputy sheriff who encountered Huff at the scene detected a strong odor of alcohol and arrested him. Huff admitted that he had been the driver of a vehicle involved in the accident, and this fact was confirmed by another person at the accident scene. Kasey Jo Warner died at the scene of the accident.
In an amended information, Huff was charged with motor vehicle homicide, predicated on third-offense driving under the influence,[1] and manslaughter,[2] which according to the information was predicated on the unlawful act of "operating a motor vehicle ... carelessly or without due caution so as to endanger a person or property." Huff was also charged with refusal to submit to a chemical test[3] and tampering with a witness.[4] He pled guilty to the manslaughter charge and not guilty to the remaining charges. The court deferred sentencing on the manslaughter conviction until after the resolution of the remaining three charges.
Huff then filed a plea in bar in which he alleged that because he had been found guilty on the manslaughter charge, prosecution on the motor vehicle homicide charge would subject him to double jeopardy in violation of his state and federal constitutional rights. He requested that the motor vehicle homicide charge be dismissed. After conducting an evidentiary hearing, the district court determined that manslaughter and motor vehicle homicide are not the "same offense" for double jeopardy purposes and denied the plea in bar. Huff filed this timely appeal, which *501 we moved to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[5]

ASSIGNMENT OF ERROR
Huff's sole assignment of error is that the district court erred in denying his plea in bar and "allowing his continued prosecution for Motor Vehicle Homicide after a previous conviction for Involuntary Manslaughter."

STANDARD OF REVIEW
Issues regarding the grant or denial of a plea in bar are questions of law.[6] On a question of law, an appellate court reaches a conclusion independent of the court below.[7]

ANALYSIS
Huff's plea in bar raises a colorable double jeopardy claim, and we therefore have jurisdiction over this interlocutory appeal.[8] We have previously examined the relationship between the offenses of manslaughter and motor vehicle homicide. Most recently, in State v. Wright,[9] we determined that when a defendant is charged with manslaughter, he or she is not entitled to have the jury instruction on the elements of motor vehicle homicide, because it is not a lesser-included offense of manslaughter. Wright overruled prior cases holding to the contrary. But Wright reaffirmed that where death results unintentionally from the operation of a motor vehicle, a prosecutor is free to choose whether to charge motor vehicle homicide or manslaughter, notwithstanding the fact that substantially different criminal penalties may be imposed depending upon which crime is charged.[10]
The prosecutor in this case avoided the choice by charging Huff with both offenses. The question that Huff asks us to decide is not whether one is a lesser-included offense of the other for purposes of jury instruction, but, rather, whether they are the same offense for purposes of double jeopardy. While both issues require a comparison of statutory elements, the applicable legal principles are not identical. In the context of jury instructions, one offense is a lesser-included offense of another if the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense.[11] In a double jeopardy analysis, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to determine whether there are two offenses or one is whether each provision requires proof that the other does not.[12] Here, *502 involuntary manslaughter includes three statutory elements: (1) causing death, (2) unintentionally, (3) while in the commission of an unlawful act.[13] Motor vehicle homicide includes four statutory elements: (1) causing death, (2) unintentionally, (3) while engaged in the operation of a motor vehicle, (4) in violation of the law.[14] Huff argues that the two offenses are one for purposes of double jeopardy, because while motor vehicle homicide includes an element not included in the offense of involuntary manslaughter, i.e., operation of a motor vehicle, all of the elements of involuntary manslaughter are included in the offense of motor vehicle homicide, and thus it cannot be said that each offense includes an element that the other does not.
But there is a threshold issue regarding the point at which the constitutional safeguard against double jeopardy attaches. The Double Jeopardy Clauses of both the federal and the Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[15] Huff argues that this is a second prosecution for the same offense after conviction. The State counters that because both charges were included in the same information, along with other charges, there is only one prosecution, and no potential double jeopardy issue arises unless and until Huff is convicted of motor vehicle homicide and sentenced for that offense and the manslaughter offense for which he has already been convicted.
The State bases its argument on our 2006 decision in State v. Humbert.[16] In that case, the defendant was charged with two misdemeanor and four felony offenses arising from an alleged episode of domestic violence occurring over a period of several hours. The defendant pled no contest to the misdemeanor charges and then filed a plea in bar alleging that prosecution on two of the felony charges would constitute double jeopardy. Based upon the principles articulated by the U.S. Supreme Court in Ohio v. Johnson,[17] we concluded there was no present violation of the Double Jeopardy Clause: "Double jeopardy protects a defendant against cumulative punishments for convictions on the same offense; however, it does not prohibit the State from prosecuting a defendant for multiple offenses in a single prosecution."[18]
Huff argues that his case is distinguishable from Humbert, because that case involved multiple charges resulting from a series of related events, whereas in this case, both the manslaughter and motor vehicle homicide charges arise from the single act of unlawful operation of a motor vehicle resulting in a death. But Huff makes no attempt to distinguish Johnson, upon which our holding in Humbert was based. Johnson involved a state prosecution in which the defendant was charged in a single indictment with murder, involuntary manslaughter, aggravated robbery, and grand theft, arising from a single shooting death. He pled guilty to the involuntary manslaughter and grand theft charges, and then sought dismissal of the *503 murder and aggravated robbery charges on the ground that continued prosecution would violate his rights under the Double Jeopardy Clause. Characterizing this argument as "apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts,"[19] the Supreme Court rejected it and concluded that the Double Jeopardy Clause did not prohibit continued prosecution on the murder and aggravated robbery charges. The homicide charges in Johnson, like the manslaughter and motor vehicle homicide charges in this case, arose from the same alleged act.
We conclude that this appeal is controlled by Humbert and Johnson. This case does not involve successive prosecutions, but, rather, a single prosecution involving multiple charges, only one of which has been resolved by a plea. The State has not had an opportunity to prosecute Huff on the remaining charges, and it is not prevented by the Double Jeopardy Clause from doing so.[20] If Huff is eventually convicted and sentenced on the motor vehicle homicide charge, he can then, but only then, assert a double jeopardy claim based upon alleged multiple punishments for the same offense.[21]
Where the record adequately demonstrates that the decision of a trial court is correctalthough such correctness is based on a ground or reason different from that assigned by the trial courtan appellate court will affirm.[22] Here, the district court was correct in overruling the plea in bar, but it should have done so under the principles of Humbert and Johnson instead of addressing the merits of a double jeopardy claim which does not yet exist. We express no opinion as to whether the district court was correct in concluding that involuntary manslaughter and motor vehicle homicide are not the "same offense" for purposes of a double jeopardy analysis.

CONCLUSION
For the reasons discussed, we affirm the order of the district court overruling Huff's plea in bar and remand for further proceedings.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] See Neb.Rev.Stat. § 28-306(1) and (3)(c) (Reissue 2008).
[2] See Neb.Rev.Stat. § 28-305 (Reissue 2008).
[3] See Neb.Rev.Stat. §§ 60-6,197 (Reissue 2004) and 60-6,197.03(6) (Supp. 2007).
[4] See Neb.Rev.Stat. § 28-919 (Reissue 2008).
[5] See Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[6] State v. Jackson, 274 Neb. 724, 742 N.W.2d 751 (2007).
[7] State v. Claussen, 276 Neb. 630, 756 N.W.2d 163 (2008).
[8] See, Neb.Rev.Stat. § 29-1817 (Reissue 2008); State v. Williams, 278 Neb. 841, 774 N.W.2d 384 (2009); State v. Milenkovich, 236 Neb. 42, 458 N.W.2d 747 (1990).
[9] State v. Wright, 261 Neb. 277, 622 N.W.2d 676 (2001).
[10] See, also, State v. Brouillette, 265 Neb. 214, 655 N.W.2d 876 (2003) (Stephan, J., concurring); State v. Burnett, 254 Neb. 771, 579 N.W.2d 513 (1998); State v. Roth, 222 Neb. 119, 382 N.W.2d 348 (1986), disapproved on other grounds, State v. Wright, supra note 9.
[11] See State v. Sinica, 277 Neb. 629, 764 N.W.2d 111 (2009).
[12] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Dragoo, 277 Neb. 858, 765 N.W.2d 666 (2009).
[13] § 28-305.
[14] § 28-306.
[15] State v. Dragoo, supra note 12.
[16] State v. Humbert, 272 Neb. 428, 722 N.W.2d 71 (2006).
[17] Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).
[18] State v. Humbert, supra note 16, 272 Neb. at 434, 722 N.W.2d at 76.
[19] Ohio v. Johnson, supra note 17, 467 U.S. at 501, 104 S.Ct. 2536.
[20] See, Ohio v. Johnson, supra note 17; State v. Humbert, supra note 16.
[21] See State v. Humbert, supra note 16.
[22] State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57 (2008).