IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. ESTRADA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

DARRION T. ESTRADA, APPELLANT.


Filed November 10, 2025.    No. A-25-262.


Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed as modified.

Michael W. Meister, Scotts Bluff County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.


RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

## INTRODUCTION

Following a jury trial in the Scotts Bluff County District Court, Darrion T. Estrada was convicted of third degree sexual assault of a child and child abuse. Estrada appeals, claiming that the district court erred by not permitting him to inquire into jury nullification during voir dire, providing deficient jury instructions and verdict form, and subjecting him to double jeopardy. For the reasons set forth herein, we affirm as modified.

## STATEMENT OF FACTS

Estrada was charged by complaint in the Scotts Bluff County Court with one count of third degree sexual assault of a child, a Class IIIA felony, in violation of Neb. Rev. Stat. § 28-320.01(3) (Reissue 2016), and one count of child abuse, a Class IIIA felony, in violation of Neb. Rev. Stat.

- 1 -

§ 28-707(4) (Cum. Supp. 2024). The case was subsequently bound over to district court where Estrada was charged by information with identical counts.

A jury trial was held on the matter. At the start of the trial, the district court inquired as to whether the parties would like to take anything up on the record before opening statements were made. Estrada stated:

> Yes, Your Honor. During voir dire, I attempted to address the jury's impartiality, their ability to be fair, in the realm of applying [undecipherable] we feel is unjust. I received several objections that were sustained. I think I'm entitled to inquire into the jury's ability to look at the law in delivering a fair verdict and a fair trial. And my client, I think, was prejudiced by me not being allowed to ask those questions.
>
> Particularly . . . in [*State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023),] the Supreme Court of Nebraska specifically stated it was within the province of the jury to nullify if they feel that that is appropriate. That's all.

The State responded that Estrada "was getting into juror nullification, and that's an improper realm to get into during jury selection." Following these comments, the members of the jury were brought into the courtroom.

Evidence adduced at trial established that S.L.W., the victim in this case, primarily lived with her mother but would often stay the weekends at her grandmother's home in the same area. Other family members lived in the grandmother's home, including S.L.W.'s aunt and the aunt's son, Estrada. In February 2024, S.L.W. was 14 years old and Estrada was 24 years old.

On a Sunday morning in February 2024, S.L.W. was at her grandmother's home, waiting for her mother to give her a ride to work. S.L.W. testified that while she was in the living room waiting for her mother, Estrada came upstairs wearing a pair of shorts and no shirt. Estrada asked S.L.W. if she wanted to see something and told her that she could not tell anyone. S.L.W. agreed and Estrada pulled down his pants and took out his erect penis. Estrada grabbed S.L.W.'s hand and tried to get her to touch his penis, at which point she pulled her hand away.

Estrada then put his hand down the inside of S.L.W.'s shirt and started fondling her breast. Estrada said, "Wow, these are getting bigger." S.L.W. testified that Estrada's hand went under her shirt and bra. Estrada then lowered his head to the middle of her breast and kissed her nipple. S.L.W. told Estrada to stop and pushed him away. S.L.W.'s mother called "on the cell phone," at which point Estrada left S.L.W. S.L.W. disclosed the incident to her mother as soon as S.L.W. got into her mother's car.

S.L.W.'s mother testified consistently regarding S.L.W.'s disclosure. The mother then called the grandmother to relay what S.L.W. had reported.

S.L.W.'s aunt testified that her partner called her when she was on her way to pick up S.L.W. from work to inform her of the incident between S.L.W. and Estrada. The aunt spoke to Estrada "immediately after" the incident. Estrada apologized and admitted that he had exposed himself.

Investigator Rohrer with the Scotts Bluff Police Department testified that S.L.W. later participated in a forensic interview at Project Harmony in Omaha. Following that interview, Rohrer contacted Estrada. Rohrer testified that he told Estrada what S.L.W. had reported and Estrada said, "Well, everything that she said is true; it all happened, and so I'm sorry."

At the jury instruction conference, Estrada objected to the "effect of findings" portion of Instruction Number 3. That portion of the Instruction Number 3 stated,

> You must separately consider the evidence for each charge, and come to an independent decision on each charge. If you decide the state proved each element of a crime beyond a reasonable doubt, then you must find the defendant guilty. Otherwise, you must find the defendant not guilty.

Estrada objected to the wording "must find the defendant guilty." Estrada argued that the language invaded the province of the jury to nullify should the jury decide under the facts of the case that the State was overreaching. Estrada acknowledged that while a defendant is not entitled to have the jury instructed concerning the power of jury nullification, the defense believed that it was inappropriate to give an "anti-nullification instruction."

Estrada also objected to the "second-to-last paragraph" of Instruction Number 5. That portion of Instruction Number 5 stated,

> Your duty is to decide whether the defendant is guilty or not guilty of crimes charged. My duty is to decide what happens to the defendant if you decide that the defendant is guilty. You must make your decision without considering what will happen to the defendant.

Estrada argued that the language "also flies in the face of a potential jury nullification."

Additionally, Estrada objected to the verdict form, arguing that the options of "guilty" and "not guilty" should be in reverse order on the verdict form, as the State has the burden to prove guilt beyond a reasonable doubt, and Estrada should be presumed innocent until that proof is made.

The district court overruled Estrada's objections and found that the instructions would be given as provided. The court noted that "the two objections that you have to the stated paragraphs, those are specifically contained in NJI routinely given in this court and all other courts across the state and will be given here today." The court also overruled Estrada's objection to the verdict form.

The jury deliberated for approximately 1 hour and found Estrada guilty of both third degree sexual assault of a child and child abuse. The district court sentenced Estrada to 3 years' imprisonment and 18 months of post-release supervision on each count, to run concurrently, with credit for 292 days served.

Estrada appeals.

ASSIGNMENTS OF ERROR

Estrada assigns, restated, that the district court erred by (1) not permitting him to inquire into jury nullification during voir dire; (2) instructing the jury that they "must find the defendant guilty," which did not allow the option of jury nullification; (3) not revising the verdict form to track with the presumption of innocence and require the jury consider the option of "not guilty" before considering the option of "guilty"; and (4) subjecting him to double jeopardy by finding that the evidence was sufficient as to both counts and sentencing him on both counts.

STANDARD OF REVIEW

Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision. *State v. Briggs*, 317 Neb. 296, 9 N.W.3d 632 (2024).

Consideration of plain error occurs at the discretion of an appellate court. *State v. Kipple*, 310 Neb. 654, 968 N.W.2d 613 (2022). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025).

ANALYSIS

VOIR DIRE

Estrada claims that he was improperly precluded from asking the jurors about their attitude regarding jury nullification during voir dire. Black's Law Dictionary defines jury nullification as:

> A jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness.

Black's Law Dictionary (12th ed. 2024).

Estrada asserts that the only defense left to him, given the evidence, was that the charges were disproportionate to the offense and nullification was the only appropriate remedy. He acknowledges that a criminal defendant is not entitled to an instruction on jury nullification but notes that the law recognizes and allows for jury nullification. Therefore, he should have been allowed to ask the jurors about jury nullification during voir dire and the district court erred by prohibiting him from doing so.

The Nebraska Supreme Court has held that although a jury may acquit an accused even if its verdict is contrary to the law and the evidence, the defendant is not entitled to have the jury instructed concerning the power of jury nullification. See *State v. Green*, 238 Neb. 492, 471 N.W.2d 413 (1991).

Estrada has not provided a record which permits appellate review of this claim because the bill of exceptions does not contain the voir dire proceedings. It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024), *cert. denied* ___U.S.___,144 S. Ct. 2608, 219 L. Ed. 2d 1256. Estrada was responsible for requesting that a verbatim record be made of voir dire. See Neb. Ct. R. App. P. § 2-105(A)(2) (rev. 2022) (setting forth procedure for making and preserving record and related duties of trial court and court reporting personnel). Voir dire is listed in § 2-105(A)(2) among the proceedings which a party or the court *may* request to have a verbatim record made. The record in this case does not reflect a request by Estrada that a verbatim record be made of voir dire.

On the record before us, the only reference to voir dire occurred at the beginning of trial when Estrada noted that he sought to ask the jurors about juror nullification during voir dire and "several objections were sustained." The Nebraska Supreme Court has recognized that "[u]nsupported assertions of attorneys during court proceedings do not establish the facts asserted unless the other appropriate parties stipulate to such facts." See *State v. Lenhart*, 317 Neb. 787, 11 N.W.3d 661 (2024) (quoting Daniel A. Morris, Nebraska Trials § 10:11 at 289 (2023)).

Here, there was no stipulation of the relevant facts and the record does not contain the voir dire proceedings. We are therefore unable to address Estrada's first assignment of error, and this claim fails.

## JURY INSTRUCTIONS

Estrada next assigns that the district court erred by instructing the jury that they "must find the defendant guilty," which he argues tells the jury that they cannot nullify. He again notes that his theory of the case was that the crimes charged were disproportionate to the facts of the offense. Estrada contends that by instructing the jury that they "must" convict the defendant, the instruction is "inapposite to the notion of jury nullification and as such is not a correct statement of the law." Brief for appellant at 10.

All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal. *State v. Briggs, supra*.

Estrada argued at trial, and maintains on appeal, that the language in Instruction Nos. 3 and 5 was an incorrect statement of the law because it precluded the jury from considering the option of jury nullification. However, the jury instructions were not required to specifically address or allow for jury nullification because, as noted above, a defendant is not entitled to have the jury instructed regarding jury nullification. See *State v. Green, supra*.

Further, as noted by the district court, both jury instructions at issue were taken from Nebraska's pattern jury instructions. When there is an applicable instruction in the Nebraska Jury Instructions, the court should usually give that instruction to the jury in a criminal case. *State v. Haynie*, 317 Neb. 371, 9 N.W.3d 915 (2024). The language in Instruction No. 3 can be found in the pattern instruction of NJI2d Crim. 3.0. Likewise, the language in Instruction No. 5 can be found in the pattern instruction of NJI2d Crim. 9.5.

Upon our independent review, we find that Instruction Nos. 3 and 5 correctly state the law. The district court did not err in overruling Estrada's objections to the jury instructions and in providing the instructions to the jury. See *State v. Briggs, supra*. This claim fails.

## VERDICT FORM

Estrada also assigns that the district court erred by not revising the verdict form to track with the presumption of innocence and require the jury to consider whether he was "not guilty" before considering whether he was "guilty." Brief for appellant at 6, 10-11. Estrada argues that the "not guilty" option should be the jury's first choice on the verdict form, as a defendant is presumed innocent unless proven guilty beyond a reasonable doubt by the State. Estrada urges this court to "create a new rule requiring trial courts to place 'Not Guilty' first on their verdict forms." Brief for appellant at 10.

Estrada cites no authority in support of this assignment of error. He provides no legal analysis, nor does he demonstrate that he was prejudiced by the verdict form in this case. Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy the requirement that the party asserting the alleged error must both specifically assign and specifically argue it in the party's initial brief. *State v. Ramos*, 319 Neb. 511, 23 N.W.3d 640 (2025). We need not consider Estrada's assignment regarding the verdict form further.

## DOUBLE JEOPARDY

Finally, Estrada assigns that the district court erred by finding that the evidence was sufficient to convict him of intentional child abuse and sexual assault of a child and compounded that error by sentencing him on both counts when they arose from the same occurrence and circumstance. Estrada does not specifically argue that the evidence was insufficient to convict him of either of count. Rather, Estrada argues that but for the conviction of sexual assault of a child, the record is devoid of any evidence that would support a finding of guilt of intentional child abuse. He asserts that because the two counts are intertwined, it was improper to sentence him on both counts. Estrada requests that this court apply a plain error review and vacate his sentence for child abuse. Estrada's argument amounts to a double jeopardy claim. In support of his argument, he cites to *State v. Dragoo*, 277 Neb. 858, 765 N.W.2d 666 (2009) (finding driving under influence was lesser-included offense of driving under influence causing serious bodily injury, and thus defendant's convictions for those offenses violated Double Jeopardy Clause's prohibition against multiple punishments for same offense).

Estrada did not raise a double jeopardy claim before the district court. A constitutional issue not presented to or passed upon by the trial court is not appropriate for consideration on appeal. *State v. Bershon*, 313 Neb. 153, 983 N.W.2d 490 (2023). Because Estrada failed to raise this issue in the trial court, he has waived his double jeopardy claim. He cannot now raise it before us by assigning it as "plain error." We need not consider Estrada's assignment regarding double jeopardy further.

## CREDIT FOR TIME SERVED

Although not raised by either party, we find plain error in the district court's application of credit for time served. Consideration of plain error occurs at the discretion of an appellate court. *State v. Mabior*, 314 Neb. 932, 994 N.W.2d 65 (2023). Plain error may be found on appeal when an error unasserted at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

In its sentencing order, the district court found that Estrada should receive 292 days credit for each of his sentences, which were ordered to be served concurrently. The sentencing order appears to have applied Estrada's time served credit twice, rather than to the aggregate of all terms imposed.

Nebraska appellate courts have construed Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) to require sentencing courts to apply all available credit, but only once. See *State v. Nelson, supra*. In the past, Nebraska courts have used different procedures to apply credit depending upon whether

the sentencing court imposed consecutive or concurrent sentences. *Id*. However, the Supreme Court recently clarified that when a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under § 83-1,106(1) is applied just once, to the aggregate of all terms imposed. See *State v. Nelson, supra*.

When a trial court gives a defendant more or less credit than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected on direct appeal to reflect the accurate amount of credit as verified objectively by the record. *Id*. We therefore modify the sentencing order to specify that Estrada is entitled to credit for a total of 292 days to the aggregate of the concurrent sentences imposed here. The sentencing order should state that "Estrada is entitled to 292 days of credit for time served against the aggregate of all terms imposed in CR24-0347." And we direct the district court, upon spreading the mandate, to modify the commitment accordingly using the same language.

## CONCLUSION

We modify the sentencing order to correct the award of credit for time served as specified above. Having considered and rejected Estrada's assignments of error, we affirm as modified Estrada's convictions and sentences.

AFFIRMED AS MODIFIED.