STATE OF NEBRASKA, APPELLEE,
v. FREN MATA, APPELLANT.
730 N.W.2d 396

Filed April 26, 2007. No. S-05-1404.

Richard L. DeForge, Deputy Scotts Bluff County Public Defender, for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

A jury convicted the appellant, Fren Mata, of 22 offenses resulting from a high-speed chase and shootout. On direct appeal,

Mata challenged the sufficiency of the evidence and excessive sentences. The Nebraska Court of Appeals affirmed the judgment.[1] We denied Mata's petition for further review because it was untimely filed. Mata moved for postconviction relief alleging, among other things, that he was subject to double jeopardy and received ineffective assistance of counsel. The district court denied Mata's motion.

The issue presented is whether Mata was denied effective assistance of counsel because his counsel did not timely file a petition for further review. We conclude that Mata did not have a constitutional right to counsel beyond the conclusion of his direct appeal. Thus, he was not deprived of effective assistance of counsel when his counsel failed to timely file his petition for further review. We affirm.

## FACTS OF THE UNDERLYING OFFENSES

On the afternoon of June 13, 2001, Mata was driving on Highway 71 near Scottsbluff, Nebraska, when a Nebraska State Patrol trooper pursued Mata's speeding pickup. A lengthy high-speed chase ensued, during which Mata fired numerous shots from the pickup at both officers and civilians. Mata eventually stopped in Scottsbluff.

The Court of Appeals' direct appeal opinion summarized the evidence as follows:

[T]he evidence shows a wild and dangerous car chase, part of which was conducted after Mata's pickup had been damaged, including the front tires to the point that he was driving virtually on the rims. During the course of that car chase, Mata fired at law enforcement officers and civilians. He was in possession of three handguns. At least 24 spent casings were found inside the pickup. Witnesses identified the silver handgun as being stuck out the window and fired by Mata. We do not think it an exaggeration to characterize the evidence against Mata as overwhelming.[2]

---

[1] *State v. Mata*, No. A-01-1212, 2002 WL 31002276 (Neb. App. Aug. 6, 2002) (not designated for permanent publication).

[2] *State v. Mata, supra* note 1, 2002 WL 31002276 at *4.

A jury convicted Mata of 22 offenses, including four counts of discharging a firearm at an occupied motor vehicle, eight counts of terroristic threats, eight counts of use of a firearm to commit a felony for each of the underlying terroristic threats felonies, fleeing to avoid arrest, and misdemeanor willful reckless driving. The district court sentenced Mata to a combined prison sentence of 18 to 36 years with credit for 122 days served.

The Court of Appeals issued its decision on August 6, 2002. Leonard Tabor, Mata's trial counsel and counsel for direct appeal, sent Mata a letter on August 7. It stated that "you can appeal this to the Supreme Court or ask that the Court of Appeals review it." The letter, however, also stated that in Tabor's opinion, "it is quite obvious that the Court of Appeals is not going to redo their decision and I seriously doubt that the Supreme Court would take it seriously."

On August 13, 2002, Mata wrote a letter to Tabor saying that he wanted to exhaust all of the state and federal remedies and requesting that Tabor file the petition for further review on his behalf. Tabor filed a petition for further review with this court on September 6, and we overruled it because it was untimely filed. Tabor moved to reconsider, but we denied the motion.

## MATA'S POSTCONVICTION HEARING

Mata gave a telephonic deposition for his postconviction evidentiary hearing. Mata testified that Tabor provided ineffective assistance of counsel because he did not file a motion to change venue and failed to request a continuance of the trial, investigate the crime scene, take the depositions of witnesses, and call additional witnesses to testify (including a ballistics expert witness). He also claimed that Tabor failed to raise a double jeopardy issue and that the jury instructions were misleading. Mata testified that he requested Tabor, both by telephone and by letter, to seek review of his convictions after the Court of Appeals affirmed his convictions. Tabor filed Mata's petition for further review, but this court denied it as untimely.

Tabor testified at Mata's postconviction evidentiary hearing that he did not file a motion to change venue. Tabor stated that he had a prior unsuccessful experience on a change of venue motion and that he wanted to honor Mata's request "to get this over with and done with." In preparing for trial, he reviewed the

police reports, examined all the exhibits, and viewed videotapes that law enforcement had taken contemporaneous with the alleged offenses. He stated he was personally familiar with the locations where the crimes were committed because he had lived in the area for 35 years and, therefore, felt no need to visit the crime scenes. Tabor stated that Mata never provided him with the names of any additional witnesses and that there was no factual foundation to have a ballistics expert testify. Tabor also stated that there was no benefit to taking depositions of the witnesses and that Mata never requested Tabor to seek a continuance of the trial.

Tabor stated that he visited Mata in jail to discuss the case, but he could not remember how many times. Tabor testified that his strategy was to get Mata the best plea bargain possible but that once Mata rejected the plea bargain, the only option was to make the State prove its case.

## THE DISTRICT COURT'S DECISION

The district court overruled Mata's motion for postconviction relief. The court rejected Mata's claims that Tabor was ineffective in his failure to seek a change of venue, in his trial preparation and performance, and in his failure to object to the jury instructions.

The court also rejected Mata's argument that the jury instructions were confusing, misleading, and contradictory. It concluded that Mata's double jeopardy claims were without merit for two reasons. First, the State never charged Mata nor did the court sentence him for using a firearm to commit the felony crime of shooting at an occupied motor vehicle. Instead, he was convicted and sentenced with using a firearm to commit the felony crime of terroristic threats. Second, *State v. McBride*[3] barred Mata's double jeopardy arguments concerning terroristic threats and using a firearm to make such threats. The district court also rejected Mata's claim that his counsel was ineffective for failing to file a petition for further review.

## ASSIGNMENTS OF ERROR

Mata argues that the district court erred when it found that (1) he was not subjected to double jeopardy for being sentenced

---

[3] *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997).

for both the discharge of a firearm at an occupied motor vehicle and the use of a firearm to commit the same felony, and for terroristic threats and using a firearm to commit such threats; (2) the jury instructions were not confusing, misleading, and contradictory, that they did not subject Mata to double jeopardy, and that trial counsel was not ineffective for failing to object to the instructions; (3) Mata failed to show that he was prejudiced by trial counsel's failure to suppress physical evidence, adequately investigate the charges and failure to visit the crime scene, depose witnesses, pursue ballistic testing evidence, adequately cross-examine witnesses, and seek a continuance of trial; (4) trial counsel was not ineffective when he failed to seek a change of venue; (5) Mata failed to show that he was denied his right to effective assistance of counsel because his counsel did not timely file a petition for further review; (6) trial counsel was not ineffective on direct appeal; (7) trial counsel's failure to sufficiently prepare for trial did not deny Mata effective assistance of counsel; and (8) Mata was not denied effective assistance of counsel on appeal when trial counsel did not assign as error and argue that Mata was not subjected to double jeopardy.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[4]

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, we resolve the question independently of the lower court's conclusion.[5]

## ANALYSIS

We will address only Mata's claims of ineffective assistance of counsel for not raising double jeopardy and ineffective assistance of appellate counsel for not timely filing a petition for further review. Mata's remaining claims have either been procedurally defaulted because he raised them on direct appeal or,

---

[4] *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006).

[5] See *State v. Marshall*, 272 Neb. 924, 725 N.W.2d 834 (2007).

after examining the record, are so lacking in merit to not require discussion.

### Mata Was Not Denied Effective Assistance of Counsel for Not Raising Double Jeopardy Claims

Mata claims that Tabor was ineffective for failing to argue at trial and on direct appeal that Mata was subject to double jeopardy. He argues double jeopardy applies because the court sentenced him for both the discharge of a firearm at an occupied motor vehicle and the use of a firearm to commit the same felony. The district court properly found that it never sentenced Mata for using a firearm to commit the felony of discharging a firearm at an occupied motor vehicle. Instead, the court sentenced him for using a firearm to commit terroristic threats. Mata misstates the record. Mata's first double jeopardy argument has no merit.

Mata also argues that Tabor provided him with ineffective assistance of counsel for failing to argue at trial and on direct appeal that Mata was subject to double jeopardy because he was sentenced for both terroristic threats and using a firearm to commit such threats. The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[6] While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the clause does not prohibit the State from prosecuting a defendant for multiple offenses in a single prosecution.[7]

Whether multiple convictions in a single trial lead to multiple punishments depends on whether the Legislature, when designating the criminal statutory scheme, intended that cumulative sentences be applied for conviction on such offenses.[8] When the Legislature has demonstrated an intent to permit

---

[6] *State v. Humbert*, 272 Neb. 428, 722 N.W.2d 71 (2006).

[7] *Id.*

[8] See *State v. Iromuanya*, 272 Neb. 178, 719 N.W.2d 263 (2006).

cumulative punishments, the Double Jeopardy Clause is not violated as long as the court imposes the cumulative punishments in a single proceeding.[9]

The statute establishing the crime of using a deadly weapon to commit a felony provides that the offense "shall be treated as [a] separate and distinct offense . . . from the felony being committed, and sentences imposed under this section shall be consecutive to any other sentence imposed."[10] We have held that this statutory language

> expressly provides that the Legislature intended the crime of using a deadly weapon to commit a felony to remain an independent offense from the underlying felony. [T]here can be no question that the Legislature intended that one using a deadly weapon be subjected to cumulative punishments for committing the underlying felony and for the use of the weapon to commit it.[11]

Mata's convictions for terroristic threats and using a firearm to commit the underlying crime of terroristic threats, therefore, did not violate his double jeopardy rights. The Legislature expressly intended these crimes to remain independent offenses. Because Mata's double jeopardy argument has no merit, Tabor did not render ineffective assistance of counsel for failing to raise the claim.

### Mata Was Not Denied Effective Assistance of Appellate Counsel for Not Timely Filing a Petition for Further Review

Mata also claims that his counsel was ineffective because he failed to timely file his petition for further review. The U.S. Supreme Court has held that in first appeals as of right, states must appoint counsel to represent indigent defendants.[12] The court, however, has also held that the right to counsel does

---

[9] *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999).

[10] Neb. Rev. Stat. § 28-1205(3) (Reissue 1995).

[11] *State v. McBride, supra* note 3, 252 Neb. at 882, 567 N.W.2d at 147.

[12] *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

not extend to discretionary appeals to a state's highest court.[13] Instead, the right to counsel is limited to the first appeal as of right.[14]

The Court of Appeals recently addressed this issue in *State v. Taylor*.[15] In *Taylor*, the appellant also claimed ineffective assistance of counsel because his lawyer failed to timely file his petition for further review. The Court of Appeals reasoned that before it reached the merits of this claim, it must first address whether Taylor had a constitutional right to further review by this court after his conviction and sentence were affirmed by the Court of Appeals on direct appeal. The Court of Appeals framed the issue: If Taylor had no constitutional right to further review, then he had no right to counsel for that appeal and, accordingly, no basis for a claim of ineffective assistance of counsel. The Court of Appeals concluded that Taylor was entitled to only one appeal as a matter of right, which he had exercised in his first direct appeal to the Court of Appeals. It held that Taylor was not entitled to further review by this court as a matter of right or "to the assistance of counsel, effective or ineffective, in filing the petition requesting further review."[16] We agree.

 Mata's constitutional right to counsel and to effective assistance of counsel ended when the Court of Appeals decided his direct appeal. It did not extend to subsequent discretionary appellate review. Because Mata did not have a constitutional right to counsel beyond the conclusion of his direct appeal, he could not be deprived of effective assistance of counsel by his retained counsel's failure to timely file his petition for further review.

## CONCLUSION

Mata's counsel was not ineffective for failing to raise double jeopardy claims that have no merit. Also, because Mata did not have a constitutional right to counsel beyond the conclusion of

---

[13] *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).

[14] *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

[15] *State v. Taylor*, 14 Neb. App. 849, 716 N.W.2d 771 (2006).

[16] *Id.* at 853, 716 N.W.2d at 775.

his direct appeal, he could not be deprived of effective assistance of counsel by his retained counsel's failure to timely file his petition for further review. Finding no merit to Mata's assigned errors, we affirm.

AFFIRMED.